UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVID CARROLL, | ) | |
| | ) | Civil No. 12-34-GFVT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| RICHARD IVES, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

David Carroll is an inmate confined in the United States Penitentiary-McCreary in Inez, Kentucky. Proceeding without counsel, Carroll has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The Court has reviewed the petition,[1] but must deny it because Carroll cannot pursue his claims in a habeas corpus proceeding under § 2241.

**I**

On March 23, 1995, a federal jury in Virginia convicted Carroll on ten drug-related counts involving the manufacture and distribution of crack cocaine. *United States v. Carroll*,

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Carroll is not represented by an attorney, the court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Carroll's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

No. 1:94-cr-519-AVB (E.D. Va. 1994); [R. 55 therein.]  Because Carroll had prior felony drug convictions and his current offense involved more than fifty grams of crack cocaine, on June 9, 1995, the district court sentenced him under 21 U.S.C. § 841(b) to a mandatory term of life in prison on Count 9 of the indictment, and to a concurrent 360-month prison term on counts 1-8 and 10 of the indictment.   On appeal, the Fourth Circuit rejected Carroll's challenge to his statutory life sentence. *United States v. Carroll*, 1997 WL 225481 (4th Cir. May 5, 1997).

In December 2008, Carroll filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. [R. 94 therein.]  On appeal, the Fourth Circuit denied Carroll a certificate of appealability. [R. 110 therein.]  Carroll thereafter unsuccessfully attempted to file several successive § 2255 motions challenging his sentence.  [R. 110, 112, 113, 116, and 125 therein.]  Carroll then filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which permits a sentencing judge to modify a sentence when the sentencing guidelines upon which he or she relied at sentencing were later made more lenient.  The district court denied Carroll's motion because it imposed a mandatory life sentence under 21 U.S.C. § 841 rather than under the United States Sentencing Guidelines. [R. 136 therein.]  The Fourth Circuit affirmed.  [R. 140 therein.]

In his § 2241 petition, Carroll argues that the Fair Sentencing Act of 2010 ("FSA") should apply retroactively to reduce his sentence.   The FSA raised the triggering amounts of crack cocaine for mandatory-minimum sentences.  *See* Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010); 21 U.S.C. § 841(b)(1)(B).  Conforming amendments to the Guidelines became effective initially on November 1, 2010, and "[a] permanent version of those Guidelines amendments took effect on November 1, 2011."  *Dorsey v. United States*, 132 S.Ct. 2321, 2329 (2012).

In *Dorsey*, the Supreme Court held that the FSA's more lenient mandatory-minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but who were sentenced after that date. *Id*. The *Dorsey* decision did not, however, extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010. In fact, the Court explained that the normal practice of federal sentencing is "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id*.

Carroll further asserts that the Sixth Circuit wrongly decided *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). In *Carradine*, the defendant pled guilty to possession with intent to distribute cocaine and was sentenced prior to the enactment of the FSA. Like Carroll, Carradine argued that he was entitled to the benefit of the FSA, which had been passed while his appeal was pending, and under which he would not have been subject to the 60-month statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii). *Id*. at 580. The Sixth Circuit concluded that the FSA "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language," and the district court properly applied "the penalty provision in place at the time Carradine committed the crime in question." *Id*.

Carroll argues that in enacting passing the FSA, Congress intended to impose more lenient sentences on all crack cocaine offenders—typically African Americans like himself—regardless of whether they were sentenced before or after August 3, 2010. He contends that the FSA's purpose would be thwarted by excluding from its coverage defendants who not only committed crack cocaine offenses before August 3, 2010, but who were also sentenced before August 3, 2010.

## II

Dorsey's argument fails because the Sixth Circuit has consistently applied *Carradine*,

holding: (1) the general savings statute, 1 U.S.C. § 109, requires Congress to furnish an express statement of retroactive application, but Congress did not provide such a statement in the FSA; (2) *Dorsey* did not extend the benefits of the FSA to offenders who were sentenced prior to August 3, 2010; and (3) the FSA does not apply retroactively to defendants who were sentenced prior to August 3, 2010. *United States v. Stanley*, No. 11-4423, 2012 WL 4014932, at *3 (6th Cir. Sept. 13, 2012) ("Stanley has not identified anything that would lead us to conclude that Congress intended the FSA to apply to defendants sentenced prior to its enactment."); *United States v. Allen*, No. 10–5914, 2012 WL 3038171, at *1 (6th Cir. July 26, 2012) ("Defendant was re-sentenced on July 22, 2010, several weeks prior to the FSA's enactment date on August 3, 2010. Accordingly, *Carradine* continues to control under these circumstances."); *United States v. Finley*, No. 10–3672, 2012 WL 2505630, at *5 (6th Cir. June 29, 2012) (same).

Carroll was sentenced on June 9, 1995, more than 15 years before the enactment of the FSA. Carroll was sentenced in accordance with the law that was in effect at that time, and because Sixth Circuit precedent expressly holds that the FSA does not apply retroactively, Carroll's argument must fail. Unless the United States Supreme Court or the Sixth Circuit sitting *en banc* overrules or modifies *Carradine*, *Stanley*, and *Finley*, those cases control and this Court must follow their holdings. *See Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 783 (E.D. Mich. 2008) (district court was bound to follow binding Sixth Circuit law on parole issue); *see also United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)). This Court lacks authority to ignore or overturn Sixth Circuit precedent, and Carroll has pointed to no inconsistent decisions of either the United States Supreme Court or the Sixth Circuit sitting *en banc* overruling *Carradine*, *Stanley*, and *Finley*. Carroll is therefore not entitled to relief under § 2241. Carroll's motion to supplement his § 2241 petition will be

granted but his habeas petition will be denied.

### III

Accordingly, **IT IS ORDERED** that:

1. David Carroll's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.\

This 4th day of March, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge